[No. 11312.   Department One.   March 28, 1914.]

CHARLES F. MUERLING, *Respondent*, v. FREDERICK COLSEN
*et al, Appellants.*[1]

REFORMATION OF INSTRUMENTS—DESCRIPTION—MUTUAL MISTAKE—
EVIDENCE—SUFFICIENCY. The description in a deed will be reformed
where the parties had with a tape measured off a tract of 13 acres
from a forty, the corner established could not be definitely located,
the notary, in drawing the deed by metes and bounds, had deter-
mined a line "by guess," and the evidence is clear and convincing
that the parties had made a mutual mistake in the description con-
tained in the deed.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered November 23, 1912, upon
findings in favor of the plaintiff, in an action for reforma-
tion. Affirmed.

*Frank M. Egan, Oliver C. McGilvra,* and *E. M. Farmer,*
for appellants.

*Morris & Shipley* and *Paul S. Dubuar,* for respondent.

MAIN, J.—The purpose of this action was to reform a
deed by correcting an erroneous description contained there-
in, alleged to be due to mutual mistake of the parties. The
cause was tried to the court without a jury. Judgment was
entered in favor of the plaintiff correcting the description.
The defendants have appealed.

On the 16th day of March, 1907, and for some time prior
thereto, the defendants were the owners of the northwest
quarter of the northeast quarter of section 35, township 26,
north, range 6 east, W. M., consisting of forty acres, more
or less. On this day, the defendants sold and conveyed to the
plaintiff a tract of land consisting of 13 acres, more or less,
from the forty acres above described. The land sold was
the southwesterly portion of the forty. In order to get the

[1]Reported in 139 Pac. 616.

data necessary for the description, the plaintiff and the defendant Frederick Colsen and his son went to the northwest corner of the quarter section above described, and with a tape line measured a certain distance along the north line thereof, then south to a point where the northeast corner of the tract sold was intended to be. After making these measurements, they went to a notary public to have the deed drawn. This officer drew the deed from the data given him. The description in the deed is by metes and bounds, certain lines being specified by courses and distances.

After the deed had been drawn and delivered, the plaintiff immediately went into possession of the land, cleared and improved the same, and occupied it until the month of March, 1912, when a dispute arose as to the north and east boundaries. The land occupied by the plaintiff contained a strip on the north and also on the east which was not included within the description in the deed. The plaintiff claims that the land occupied by him is that which he purchased. The defendants claim that the land described in the deed is that which they intended to sell. It is admitted by the defendants that, in making the measurements with the tape line and starting from the northwest corner of the quarter, the stake at that point could not be definintely located; but they started from the point where they thought the stake should be.

The notary, when testifying as to how he determined the angle of a certain line, stated: "Well, that angle was something that I guessed at on a little bit." The testimony of the plaintiff and the defendants is conflicting as to where the northeast corner of the tract sold was located.

The law is, as claimed by the appellants in their brief, that, where an action has been brought to correct the description in a deed on the ground of mutual mistake, the evidence, in order to sustain the claim of mutual mistake must be clear and convincing. In this case, much of the testimony has reference to a blue print, which was introduced in evi-

dence as an exhibit. The witnesses in testifying made frequent use of the terms, "this," "that," "here," and "there." This, while it undoubtedly made the evidence lucid and intelligible to the trial court, falls short of doing so when it is read from the typewritten page.

Considering all the evidence, so far as it can be understood from the record, we think the evidence is clear and convincing that there was a mutual mistake of the parties as to the description contained in the deed. In other words, the minds of the parties had met upon the tract sold, but the description as contained in the deed did not express their intention.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.